# SETTLEMENT AGREEMENT & RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Plaintiff, Calvin Thames ("Plaintiff" or "Named Plaintiff"), individually and on behalf of the collective and/or class described below (hereinafter referred to collectively as the "Settlement Class"), and Steele Solutions, Inc. ("Defendant") (collectively, the "Parties"), conditioned upon entry by the Court of a final order and judgment approving the Agreement and dismissing with prejudice all claims encompassed by the Agreement.

## RECITALS AND BACKGROUND

A.        On May 27, 2021, Plaintiff filed a collective and class action Complaint in the U.S. District Court for the Eastern District of Wisconsin asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Wisconsin wage payment and overtime laws, Wis. Stat. §§ 103, 104, 109, *et seq* ("WWPCL"), captioned *Calvin Thames v. Steele Solutions, Inc.,* Case No. 21-cv-664 (the "Litigation").

B.        Plaintiff's Complaint asserted claims on behalf of himself and similarly situated current and former employees that Defendant violated the FLSA and the WWPCL by allegedly failing to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in all current and former hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL. Plaintiff, in his individual capacity, also alleged that Defendant failed to compensate him with travel time each workday during his employment with Defendant.

C.        Defendant disputes the material allegations contained in Plaintiff's Complaint as to fact and law and denies any liability to Plaintiff or any members of the proposed Settlement Class.

D.        Since the filing of the Complaint, Defendant has investigated Plaintiff's claims, and the Parties have exchanged information and documents related to those claims. Following this investigation and exchange, the Parties engaged in substantial settlement negotiations, which concluded with the Parties reaching a settlement in principle, regarding the disputes which are or could have been brought in the Litigation. This Agreement reflects the understanding of the Parties.

E.        For purposes of settlement only, the Parties seek conditional certification of the following opt-in settlement class pursuant to 29 U.S.C. § 216(b):

FLSA Collective. All individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2018 and May 27, 2021 as identified in **Exhibit B** to this Agreement and who file a Consent to Join Form within forty-five (45) days following service of the Notice Packet.

F.        For purposes of settlement only, the Parties seek certification of the following opt-out settlement class pursuant to Rule 23 of the Federal Rules of Civil Procedure:

**WWPCL Class.** All individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2019 and May 27, 2021 as identified in **Exhibit B** to this Agreement and who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days following service of the Notice Packet.

G.     Plaintiff's Counsel, Walcheske & Luzi, LLC, among other things, has analyzed and evaluated the merits of the FLSA Claims and WWPCL Claims made against Defendant, has conducted interviews with prospective witnesses, engaged in both formal and informal exchange of information with Defendant's counsel, has obtained and reviewed documents relating to Defendant's compensation policies and practices, and has analyzed payroll data. Based upon this analysis and the evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that the FLSA Claims and WWPCL Claims, if not settled expeditiously, might result in a less favorable recovery, or no recovery at all, Plaintiff's Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable, and adequate, and that this Agreement is in the best interests of Plaintiff and those individuals for whom he seeks to represent, namely the Settlement Classes.

H.     The purpose of this Agreement, without admitting or conceding any liability, is to fully and finally resolve the claims alleged in the Complaint, and the Parties have agreed to settle all such claims.

I.     By entering into the Agreement, Defendant does not admit any liability or wrongdoing and expressly denies the same. It is expressly understood and agreed by the Parties that the Agreement is being entered into by Defendant solely for the purpose of avoiding the costs and disruption of ongoing litigation and to settle all outstanding claims. Nothing in the Agreement, the settlement proposals exchanged by the Parties, or any motions filed or Orders entered pursuant to the Agreement, is to be construed or deemed as an admission by Defendant of any liability, culpability, negligence, or wrongdoing, and the Agreement, each of its provisions, its execution, and its implementation, including any motions filed or Orders entered, shall not in any respect be construed as, offered, or deemed admissible as evidence, or referred to in any arbitration or legal proceedings for any purpose, except in an action or proceeding to approve, interpret, or enforce the Agreement. Furthermore, neither the Agreement, any motions filed, settlement proposals exchanged by the Parties, Orders entered pursuant to the Agreement, nor any class or conditional certification granted pursuant to the Agreement and corresponding documents shall constitute an admission, finding, conclusion, or evidence that any requirement for class certification has been satisfied in this Litigation or any other action, except for the limited settlement purposes pursuant to the terms of the Agreement. This Agreement shall be inadmissible as evidence in any proceeding, except as necessary to approve, interpret, or enforce this Agreement.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the claims alleged in the Complaint on the following terms and conditions.

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

**1.1** "Class Members" mean those individuals who do not affirmatively opt-out of the Settlement within forty-five (45) calendar days[1] following service of the Notice Packet.

**1.2** "Collective Members" mean those individuals who file a Consent to Join Form within forty-five (45) days following service of the Notice Packet.

**1.3** "Complaint" means the federal court Complaint, dated May 27, 2021, that was filed in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division) and captioned *Calvin Thames v. Steele Solutions, Inc.,* Case No. 21-cv-664.

**1.4** "Court" means the United States District Court for the Eastern District of Wisconsin.

**1.5** "Defendant" means Steele Solutions, Inc.

**1.6** "Defendant's Counsel" means Godfrey & Kahn, S.C.

**1.7** "Employer Payroll Taxes" means all taxes and withholdings an employer is required to pay arising out of or based upon the payment of employment/wage compensation applicable to the allegations of the Complaint and arising under this Agreement, including but not limited to FICA, FUTA, and SUTA obligations, which are not included in the Gross Settlement Amount.

**1.8** "FLSA Claims" mean all claims brought by Plaintiff, on behalf of himself and all other similarly situated employees of Defendant, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), as alleged in the Complaint.

**1.9** "FLSA Collective" shall be comprised of all Collective Members.

**1.10** "Gross Settlement Amount" means Eighty-Seven Thousand, Five Hundred Dollars and Zero Cents ($87,500.00), which is the maximum amount that Defendant has agreed to pay to fully resolve and settle the FLSA Claims and WWPCL Claims, and which include any claim for attorneys' fees and costs approved by the Court, any and all amounts to be paid to the Settlement Class, and any Court-approved Service Award to Plaintiff. Defendant will not be required to pay any more than the Gross Settlement Amount, except for the Employer Payroll Taxes and cost of the Settlement Administrator.

**1.11** "Litigation" means the action pending in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division) captioned *Calvin Thames v. Steele Solutions,* Case No. 21-cv-664.

**1.12** "Named Plaintiff" means Calvin Thames.

---

[1]     Any reference to days herein shall mean calendar days unless otherwise stated.

**1.13** "Net Settlement Fund" means the remainder of the Gross Settlement Amount after deductions, payments, and/or allocations for: (a) Court-approved attorneys' fees and costs to Plaintiff's Counsel; and (b) a Court-approved Service Award to Named Plaintiff.

**1.14** "Notice Packet" refers to, collectively, the Notice of Class and Collective Action and Proposed Settlement and any exhibits thereto.

**1.15** "Notice Period" shall mean a period of forty-five (45) days following service of the Notice Packet.

**1.16** "Order Granting Approval of Settlement" or "Final Order" means an Order to be entered by the Court which gives final approval to the Settlement and this Agreement and dismisses Plaintiffs' claims with prejudice.

**1.17** "Parties" collectively means the Named Plaintiff, individually and on behalf of the Collective Members and Class Members whom he purports to represent, and Defendant.

**1.18** "Plaintiffs" mean any and all members of the Settlement Class, including the Named Plaintiff, Class Members, and Collective Members.

**1.19** "Plaintiff's Counsel" means Walcheske & Luzi, LLC.

**1.20** "Putative Class Members" are defined as all individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2019 and May 27, 2021 as identified in **Exhibit B** to this Agreement.

**1.21** "Putative Collective Members" are defined as all individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2018 and May 27, 2021 as identified in **Exhibit B** to this Agreement.

**1.22** "Releasees" means Defendant and its predecessors and successors, parents, subsidiaries, divisions, and affiliates, and all of each such entity's officers, directors, shareholders, managers, members, claimants, insurers, agents, attorneys and assigns, in their individual and representative capacities.

**1.23** "Settlement," "Settlement Agreement," or "Agreement" means this Settlement Agreement & Release and the exhibits hereto, which the Parties understand and agree set forth all material terms and conditions of the Settlement between them regarding the claims alleged in the Complaint and which is subject to Court approval.

**1.24** "Settlement Administrator" means Rust Consulting, Inc.

**1.25** "Settlement Check" means the check issued to each Settlement Class member for their proportionate share of the Net Settlement Fund calculated in accordance with this Agreement.

**1.26** "Settlement Check Void Date" means the 120-day period that a Settlement Class member has to sign and cash a Settlement Check after it is issued by the Settlement Administrator.

**1.27** "Settlement Class" means all Collective Members and all Class Members.

**1.28** "Settlement Effective Date" means a date which is thirty (30) days after the entry of the Final Order.

**1.29** "Settlement Payments" mean the settlement payment amounts attributed to each Settlement Class member, in accordance with Section 3.1.

**1.30** "WWPCL Claims" mean all claims brought by Plaintiff, on behalf of himself and all other similarly situated employees of Defendant, pursuant to Wisconsin's Wage Payment and Collection Laws ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. ("WWPCL Claims"), as alleged in the Complaint.

**1.31** "WWPCL Class" shall be comprised of all Class Members.

## 2. JUDICIAL APPROVAL AND NOTICE TO PLAINTIFFS

**2.1** This Agreement is a binding agreement and contains all material agreed-upon terms for the Parties to seek a full and final settlement and dismissal of the FLSA Claims and WWPCL Claims.

**2.2** Preliminary Approval of Settlement

(A) On or before March 11, 2022, Plaintiff's Counsel shall file a Joint Motion for Preliminary Settlement Approval along with this Agreement and all Exhibits attached hereto ("Approval Motion"). Plaintiff's Counsel will provide Defendant's Counsel with a draft of the Approval Motion for review and comment on or before March 4, 2022. Among other things, the Approval Motion will ask the Court to:

1. Preliminarily approve the settlement memorialized in this Agreement as fair, reasonable, and adequate;
2. Certify the WWPCL Class as a class action under FED.R.CIV.P. 23 for the purpose of settlement only;
3. Certify the FLSA Collective as a collective action under 29 U.S.C. § 216(b) for the purpose of settlement only;
4. Appoint Named Plaintiff, Calvin Thames, as the Class Representative and Collective Representative;
5. Appoint Walcheske & Luzi, LLC as Class Counsel pursuant to FED.R.CIV.P. 23(g) and Collective Counsel pursuant to 29 U.S.C. § 216(b);
6. Approve the Notice Packet in the form of **Exhibit A** for distribution to all Putative Collective Members and Putative Class Members;
7. Find that the Notice Packet to be sent to all Putative Collective Members and Putative Class Members constitutes the best notice practicable under

the circumstances, and constitutes valid, due, and sufficient notice to Putative Collective Members and Putative Class Members in full compliance with the requirements of applicable law, including the Due Process clause of the United States Constitution;

8.     Direct that each Putative Collective Member who wishes to be included in the FLSA Collective must opt-in per the instructions set forth in the Notice Packet, and that their response must be postmarked within forty-five (45) days of mailing of the Notice Packet;

9.     Direct that any Putative Collective Member who has properly and timely opted-in to the FLSA Collective and filed a Consent to Join form with this Court shall be bound by this Agreement when the Court issues a Final Order;

10.    Direct that each Putative Class Member who wishes to be excluded from the WWPCL Class must opt-out per the instructions set forth in the Notice Packet, and that their response must be postmarked within forty-five (45) days of mailing of the Notice Packet;

11.    Direct that any Putative Class Member who has not properly and timely requested exclusion from the WWPCL Class shall be bound by this Agreement when the Court issues a Final Order;

12.    Schedule a Fairness Hearing approximately 90 to 120 days after the date of preliminary approval;

13.    Direct that any Motions, including but not limited to a Motion for Approval of Attorneys' Fees and Costs, a Motion for Approval of Named Plaintiff's Service Award, and a Joint Motion for Final Settlement Approval (a draft of which Plaintiff's Counsel will provide to Defendant's Counsel for review and comment no later than seven (7) days prior to filing), be filed with the Court no later than seven (7) days prior to the Fairness Hearing; and

14.    Direct that any Putative Collective Member or Putative Class Member who wishes to object in any way to this Agreement must file and serve such written objections per the instructions set forth in the Notice Packet, which must be postmarked no later than forty-five (45) days after the mailing of the Notice Packet, together with copies of all papers in support of his or her position. The Notice Packet shall state that the Court will not consider objections of any Putative Collective Member or Putative Class Member who has not properly served copies of his or her objections on a timely basis.

(B)    Distribution of Notice Packet

1.     Within five (5) business days after the Court's Preliminary Approval Order, Defendant's Counsel will provide the Settlement Administrator with the list of the names and last known addresses of the Putative Collective Members and Putative Class Members, according to records maintained by Defendant.

2.     Within fifteen (15) days after the Court's Preliminary Approval Order, the Settlement Administrator will send a copy of the Notice Packet to all

Putative Collective Members and Putative Class Members via U.S. first-class mail.

3. If any Notice Packet is returned as undeliverable, the Settlement Administrator will take other appropriate steps to identify and mail the Notice Packet to an alternative address for the respective Putative Collective Members and/or Putative Class Members. The Parties shall be deemed to have satisfied their obligation to provide the Notice Packet to a Putative Collective Member and/or Putative Class Member if (i) an alternative address cannot be identified by the Settlement Administrator, or (ii) after a second mailing of the Notice Packet is returned by the postal service as undeliverable.

4. During the Notice Period, the Settlement Administrator shall promptly provide to Plaintiff's Counsel and Defendant's Counsel all completed and returned "Consent to Join" forms, attached to **Exhibit A**, from Putative Collective Members, which Plaintiff's Counsel shall promptly file with the Court. During the Notice Period, the Settlement Administrator shall also promptly provide to Plaintiff's Counsel and Defendant's Counsel all requests for exclusion from Putative Class Members, which Plaintiff's Counsel shall promptly file with the Court.

(C) Objection to Settlement

Any Putative Collective Member or Putative Class Member who intends to object to the fairness of this Agreement must, by the date specified in the Preliminary Order Approving Settlement, file any such objection with the Court and provide copies of the objection to the Settlement Administrator.

Any objection to the Agreement must include: (i) the objector's full name, address, and telephone number; (ii) dates of employment at Defendant and job title(s) held; (iii) a written statement of all grounds for the objection, including any legal support for the objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether the objector intends to appear at the Fairness Hearing. If the objector intends to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing the objector who will appear at the Fairness Hearing. Any Putative Collective Member or Putative Class Member who does not file a timely written objection to the Settlement and notice of his or her intent to appear at the Fairness Hearing shall be foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

(D) Request for Exclusion

Any Putative Class Member who wishes to be excluded from the Settlement Class must submit a request for exclusion to the Settlement Administrator postmarked no

later than forty-five (45) days after the mailing of the Notice Packet. Any Putative Class Member who fails to submit a timely request to be excluded shall be subject to and bound by this Agreement and every order or judgment entered pursuant to this Agreement.

(E)    Fairness Hearing

On the date set forth in the Preliminary Approval Order or by such other Order as the Court will provide, a Fairness Hearing shall be held at which the Court will: (i) decide whether to certify the Settlement Class; (ii) decide whether to approve the Agreement as fair, reasonable, and adequate; (iii) decide Plaintiff's Counsel's Motion for Attorneys' Fees and Costs; and (iv) decide Named Plaintiff's Service Award.

(F)    Entry of Order Approving Settlement

If this Agreement is approved by the Court, a Final Order shall be entered as follows:

1.    Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);
2.    Approving the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;
3.    Appointing Calvin Thames as Class Representative for the WWPCL Class and FLSA Collective;
4.    Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;
5.    Declaring the Agreement to be binding on the Parties;
6.    Dismissing on the merits and with prejudice the Complaint;
7.    Dismissing with prejudice the Settlement Class members' released claims;
8.    Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in this Agreement;
9.    Dismissing without prejudice the WWPCL Claims of the Putative Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in this Agreement;
10.    Indicating the amount of attorneys' fees and costs to be awarded to Plaintiff's Counsel consistent with the Settlement; and
11.    Indicating the amount of Named Plaintiff's Service Award to be awarded consistent with the Settlement.

**2.3**    Within five (5) days of the Settlement Effective Date, Defendant shall make a payment to the Settlement Administrator, which shall be equal to the amount necessary to pay all Settlement Payments due to the Settlement Class pursuant to Section 3.1 of this Agreement, Court-approved attorneys' fees and costs to Plaintiff's Counsel, and the Court-approved Service Award to Named Plaintiff. Within twenty-one (21) days of the Settlement Effective

Date, the Settlement Administrator shall issue and distribute individual Settlement Checks for each and every Settlement Class member, as described in Section 3.4 of this Agreement. Settlement Checks issued pursuant to this Agreement shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendant will issue a stop payment order on all uncashed or returned checks. In the event that, before the close of the Settlement Check Void Date, the Settlement Administrator becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, the Settlement Administrator shall so advise Plaintiff's Counsel and Defendant's Counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant.

## 3. SETTLEMENT TERMS

### 3.1 Payments to Settlement Class

(A)  Defendant agrees to pay up to the maximum Gross Settlement Amount of $87,500.00 (Eighty-Seven Thousand, Five Hundred Dollars and Zero Cents), which fully resolves and satisfies any and all amounts to be paid to the Settlement Class pursuant to this Agreement (which shall expire upon the Settlement Check Void Date), Court-approved attorneys' fees and costs to Plaintiff's Counsel, and a Court-approved Service Award to Named Plaintiff. Defendant will not be required to pay more than the Gross Settlement Amount under the terms of this Agreement, with the exception of Employer Payroll Taxes and costs of the Settlement Administrator.

(B)  Any portion of the Net Settlement Fund that is unclaimed by Settlement Class members who do not timely sign and cash a Settlement Check, as identified in Section 2.3, shall remain and/or revert back to Defendant. There shall be no reallocation of unclaimed settlement funds to the Settlement Class.

(C)  The Parties anticipate that the Net Settlement Fund will be approximately $54,428.37 (Fifty-Four Thousand, Four Hundred and Twenty-Eight Dollars and Thirty-Seven Cents). The allocation to the Settlement Class will be made from the Net Settlement Fund as follows:

1. Each of the 214 Class Members who do not properly and timely exclude themselves in accordance with this Agreement will receive a payment in the individual amounts listed in the "WWPCL Amount" column of **Exhibit B**, which are representative of reasonably approximated overtime wages actually owed during the time period between May 27, 2019 and May 27, 2021, and remain subject to regular payroll withholdings per Section 3.4(B)1; and

2. Each of the 214 Collective Members who timely and properly file a Consent to Join Form with this Court will receive payment in the individual amounts listed in the "FLSA Amount" column of **Exhibit B**, which are representative of reasonably approximated liquidated damages during the time period between May 27, 2018 and May 27, 2021.

**3.2    Attorneys' Fees and Costs**

(A)    Plaintiff's Counsel will Motion the Court to approve payment of $29,571.63 (Twenty-Nine Thousand, Five Hundred and Seventy-One Dollars and Sixty-Three Cents) from the Gross Settlement Amount as an award of attorneys' fees ($29,166.63 or 1/3 of the Gross Settlement Amount) and reasonable actual case-related costs and administration expenses (not to exceed $405.00). Defendant will not oppose these requests. These amounts shall constitute full satisfaction of any claim for attorneys' fees and/or costs, and Plaintiff agrees that he shall not seek, nor be entitled to, any additional attorneys' fees or costs under any theory or from any source, incurred in relation to this Litigation.

**3.3    Service Award**

(A)    Plaintiff's Counsel will Motion the Court for a service award payable from the Gross Settlement Amount to Named Plaintiff for the services he rendered to the Settlement Class in the amount of $3,500.00 (Three Thousand, Five Hundred Dollars and Zero Cents). Defendant will not oppose this request.

(B)    This Service Award and any requirements for obtaining any such payment are separate and apart from, and in addition to, Named Plaintiff's recovery from the Net Settlement Fund as a Settlement Class member.

**3.4    Distribution of Payments**

(A)    Within twenty-one (21) days of the Settlement Effective Date, the Settlement Administrator shall distribute all Settlement Payments due to the Settlement Class pursuant to Section 3.1 of this Agreement, Court-approved attorneys' fees and costs to Plaintiff's Counsel, and the Court-approved Service Award to Named Plaintiff.

(B)    Tax Characterization of Payments

1. The payments to each Settlement Class member pursuant to Section 3.1(C)1. will represent alleged wage relief and will be less all applicable employment taxes, including federal, state and local income tax withholding and the employee share of the FICA tax, and shall be reported to the IRS and the payee under the payee's name and Social Security number on an IRS Form W-2. The Settlement Administrator, on behalf of Defendant, shall withhold payroll taxes and other lawful withholdings and will issue each Settlement Class member an IRS Form W-2.

2.      The payments to each Settlement Class member pursuant to Section 3.1(C)2. will be made without withholding and reported to the IRS via Form 1099;

3.      The employee portion of all applicable income and payroll taxes will be the sole responsibility of the individual Settlement Class member receiving a Settlement Check or Service Award. The Parties and their Counsel make no representations as to the taxability of any portions of the settlement payments to any Settlement Class members. Neither Plaintiff's Counsel nor Defendant's Counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, nor will it be relied upon as such.

4.      None of the amounts paid to Named Plaintiff, Class Members, and Collective Members shall create any credit for, be included in, or otherwise affect the calculation or the accrual of any employee benefits in any plans, programs, agreements or policies sponsored, maintained or contributed to by Defendant, including for purposes of any bonus of any kind.

5.      The payment of attorneys' fees and costs pursuant to Section 3.2 will be made to Plaintiff's Counsel, subject to Plaintiff's Counsel providing the Settlement Administrator with a completed W-9 Form in a timely manner and shall be without withholding and reported to the IRS via Form 1099.

6.      The payment of Named Plaintiff's Service Award pursuant to Section 3.3 will be made to Named Plaintiff, subject to Named Plaintiff providing the Settlement Administrator with a completed W-9 Form in a timely manner and shall be without withholding and reported to the IRS via Form 1099.

## 4.      RELEASE OF CLAIMS

**4.1**     <u>Release By Collective Members.</u> Conditioned upon the Court's issuance of the entry of a Final Order, and in exchange for the monetary consideration recited in this Agreement, Named Plaintiff hereby agrees to dismiss the FLSA Claims with prejudice, and each Collective Member, including Named Plaintiff, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating back to the full extent of the applicable statute of limitations and continuing through the date of the Order Granting Approval of Settlement, including, all state and federal claims for unpaid wages, overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to the FLSA.

**4.2**     <u>Release By Class Members.</u> Conditioned upon the Court's entry of a Final Order, and in exchange for the monetary consideration recited in this Agreement, Named Plaintiff hereby agrees to dismiss the WWPCL Claims with prejudice, and each Class Member, including Named Plaintiff, will release the Releasees from: any and all wage and hour claims that accrued while employed at Defendant as an hourly paid, non-exempt employee, relating

back to the full extent of the applicable statute of limitations and continuing through the date of the Order Granting Approval of Settlement, including, all state claims for unpaid wages, overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses, and any other claims derived from the alleged failure to pay such wages when due pursuant to the WWPCL.

4.3    Release By Named Plaintiff: Conditioned upon the Court's entry of a Final Order, and in exchange for the Court-approved Service Award recited in this Agreement, Named Plaintiff and his respective predecessors, successors, heirs and assigns, in addition to his legal representatives, hereby and forever completely releases and discharges Releasees from any and all known or unknown claims, which are releasable by law, of any kind which arise out of or are in any manner based upon or related to the employment relationship between him and Defendant and relating back to the full extent of the applicable statute of limitations and continuing through the date of the Order Granting Approval of Settlement. Named Plaintiff's release of claims against Releasees, includes but is not limited to: (1) claims pursuant to the FLSA; (2) claims pursuant to the WWPCL; (3) any state common law wage claims, including, but not limited to, breach of contract (whether express or implied), promissory estoppel, unjust enrichment and quantum merit; (4) Title VII of the Civil Rights Act of 1964, as amended; (5) Section 1981 of the Civil Rights Act of 1866 (42 U.S.C. § 1981); (6) the Genetic Information Nondiscrimination Act; (7) the Americans with Disabilities Act, as amended; (8) the Equal Pay Act; (9) the National Labor Relations Act; (10) the Employee Retirement Income Security Act of 1974; (11) the Wisconsin Fair Employment Act; (12) the Wisconsin Business Closing law; (13) state or federal parental, family and medical leave acts; (14) the Uniformed Services Employment and Reemployment Rights Act (USERRA), or any other local, state, or federal military and/or veterans rights act, or any other claim based on veteran status; (15) claims arising under any other local, state or federal statute, ordinance, regulation or order, or which involve a claim or action for wrongful discharge, defamation, misrepresentation, violation of public policy, invasion of privacy, emotional distress, breach of contract (express or implied) and/or any other tort or common law cause of action; and (16) any other federal, state or local law, statute or ordinance affecting the Named Plaintiff's employment with or termination from Defendant.

## 5.    VOIDING THE AGREEMENT

5.1    If the Court rejects the Settlement and/or this Agreement, fails to approve and enter a Final Order in substantially the form submitted by the Parties, or fails to enter a Final Order, unless the Parties agree in writing, this Agreement shall be void *ab initio* except as to the provisions expressly stated in this Agreement to survive, and Defendant shall have no obligations to make any payments under the Settlement or this Agreement.

5.2    In the event that the Court fails to approve the Settlement and/or this Agreement, the Parties: (a) must attempt to renegotiate the Settlement for the purpose of obtaining Court approval of a renegotiated Settlement and Agreement; and/or (b) either or both Parties may seek reconsideration or appellate review of the decision denying approval of the Settlement or Agreement. In the event reconsideration and/or appellate review is denied, or a mutually agreed-upon settlement modification is not approved, and the Parties decide to forego

further negotiation of a settlement, the FLSA Claims and WWPCL Claims will proceed as if no settlement had been attempted. In that event, nothing in the Settlement or Agreement, including documents produced in furtherance of settlement negotiations, may be used by or against any Party under Rule 408 of the Federal Rules of Evidence, the Agreement shall have no force or effect, and no Party shall be bound by any of its terms and Defendant shall have no obligation to make any payments pursuant to the terms of this Agreement.

5.3     The Agreement will become final and effective only upon the occurrence of all of the following events: (a) the Court enters a Final Order and/or Final Judgment; and (b) the Settlement Effective Date occurs.

## 6.      PARTIES' AUTHORITY

6.1     The signatories hereto hereby represent that they are fully authorized to enter into this Agreement and to bind the Parties hereto to the terms and conditions hereof.

## 7.      MUTUAL COOPERATION

7.1     The Parties agree to reasonably cooperate with each other and to take all steps necessary and appropriate to obtain the Court's approval of this Agreement and all of its terms and to effectuate the terms of this Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Agreement.  The Parties to this Agreement shall use their commercially reasonable efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement and the terms set forth herein.  As soon as practicable after execution of this Agreement, Plaintiffs' Counsel shall, with the assistance and cooperation of Defendant and their counsel, take all necessary steps to secure the Court's approval of this Agreement. At no time shall any of the Parties or their counsel: (a) discourage any member of the FLSA Collective from becoming a participating class member; or (b) encourage any member of the FLSA Collective or the WWPCL Class to object to the Agreement or request exclusion from the Agreement.

## 8.      NOTICES

8.1     Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

To Named Plaintiff and Settlement Class members:

Attorney Scott S. Luzi
Walcheske & Luzi, LLC
235 N. Executive Drive, Suite 240
Brookfield, WI 53005
Tel: (262) 780-1953

Fax: (262) 55-6469
Email: sluzi@walcheskeluzi.com

To Defendant:

Attorney Erin (Maggie) M. Cook
Godfrey & Kahn, S.C.
833 East Michigan Street, Suite 1800
Milwaukee, WI 53202
Tel: (414) 287-9569
Fax: (414) 273-5198
Email: MCook@gklaw.com

To Settlement Administrator:

Rust Consulting, Inc.
625 Marquette Avenue, Suite 900
Minneapolis, MN 55402
Tel: (612) 359-2988

## 9. NO ADMISSION OF LIABILITY

**9.1** Defendant denies all of the allegations made by Plaintiff and Settlement Class members in the Complaint and denies that it is liable or owes damages to anyone with respect to the alleged facts or causes of action asserted in the Complaint. The Parties have fully and finally resolved the FLSA Claims and the WWPCL Claims as alleged in the Complaint, and the Parties have agreed to settle the FLSA Claims and WWPCL Claims on the terms and conditions set forth in this Agreement. Neither this Agreement, nor any document referred to herein, nor any action taken to carry out this Agreement, is, or may be construed as, or may be used as an admission, concession or indication by or against Defendant of any fault, wrongdoing or liability whatsoever.

## 10. INTERPRETATION AND ENFORCEMENT/MISCELLANEOUS TERMS

**10.1** Further Acts. Each Party, upon the request of any other Party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

**10.2** No Assignment. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the FLSA Claims, WWPCL Claims, or any related action, and any attempt to do so shall be of no force or effect.

**10.3** Entire Agreement. This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties.

**10.4** Binding Effect. This Agreement shall be binding upon the Parties and, with respect to the Plaintiffs, their spouses, children, representatives, heirs, administrators, executors, beneficiaries, conservators, attorneys and assigns.

**10.5** Arms' Length Transaction. The Parties have negotiated all the terms and conditions of this Agreement at arms' length. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

**10.6** Captions. The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

**10.7** Construction. The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each Party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

**10.8** Governing Law. This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of Wisconsin, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

**10.9** Waivers in Writing. No waiver, modification or amendment of the terms of this Agreement, whether purportedly made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties, and then only to the extent set forth in such written waiver, modification or amendment with any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

**10.10** Counterparts. The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same original instrument.

**10.11** Facsimile, Electronic and E-mail Signatures. Any Party may execute this Agreement by signing or by causing its counsel to sign, or by e-signature on the designated signature block below and transmitting that signature page via facsimile, e-mail, or other electronic means to counsel for the other Party. Any signature made and transmitted by facsimile, e-signature, or e-mail for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Party whose counsel transmits the signature page by facsimile, e-signature or e-mail.

**10.12** Signatories. This Agreement is valid and binding if signed by Defendant's authorized representative and Named Plaintiff.

**10.13** Non-Publication. Plaintiff's Counsel and Plaintiff agree to make no public comment, communications to the media, or any form of advertising or public announcement, including social media, regarding this settlement.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the day and year set forth below:

**CALVIN THAMES**                                   **STEELE SOLUTIONS, INC.**

_____                         By: _____

                                                 Title: _____

Date: _March 10, 2022_                           Date: _____

26800883 4

**10.13** Non-Publication. Plaintiff's Counsel and Plaintiff agree to make no public comment, communications to the media, or any form of advertising or public announcement, including social media, regarding this settlement.

**IN WITNESS WHEREOF,** the Parties hereto have executed this Agreement on the day and year set forth below:

**CALVIN THAMES**

_____

Date: _____

**STEELE SOLUTIONS, INC.**

By: _____

Title: _____C F O_____

Date: _____3/9/2022_____

26800883.4

# If you worked as an hourly-paid, non-exempt employee of Steele Solutions, Inc. between the dates of May 27, 2018 and May 27, 2021, you may be entitled to benefits under this settlement

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS.  PLEASE READ IT CAREFULLY.**

*This is not a solicitation from a lawyer.  A Federal Court has authorized this Notice.*

**TO:**    Current and former hourly-paid, non-exempt employees of Steele Solutions, Inc. who were employed between May 27, 2018 and May 27, 2021 and received a hiring, promotion, referral, or monthly shop bonus.

**RE:**    Settlement of Claims for Alleged Unlawful Pay Practices

- Calvin Thames (the "Class Representative") filed a lawsuit against Steele Solutions, Inc. ("Steele Solutions" or the "Company"), alleging violations of the Fair Labor Standards Act ("FLSA") and Wisconsin Wage Payment and Collection Laws ("WWPCL"), in the United States District Court for the Eastern District of Wisconsin (Milwaukee Division), captioned *Calvin Thames v. Steele Solutions, Inc.*, Case No. 21-cv-664 (the "Lawsuit").

- In the Lawsuit, Class Representative alleged that Steele Solutions: failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in the hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

- Steele Solutions denies the allegations but, to avoid the costs, delays, and risks of time-consuming litigation, the Parties have entered into a Settlement Agreement and Release of Claims (the "Settlement"). The Settlement is a compromise.

- For settlement purposes only, the Court certified the Lawsuit as a class action and collective action on behalf of hourly-paid, non-exempt employees who worked for Steele Solutions, as follows:

  - <u>Rule 23 Class</u>: All individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2019 and May 27, 2021.

  - <u>FLSA Collective</u>: All individuals who worked as hourly-paid, non-exempt employees at Defendant and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2018 and May 27, 2021.

- This Notice is to inform you about the status of the Lawsuit, including your potential right to receive a share of the monies set aside by Steele Solutions to resolve the Lawsuit (the "Settlement Fund"). **Your legal rights are affected, and you have a choice to make in this action now.**

EXHIBIT A

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **PARTICIPATE IN THE RULE 23 CLASS** | Recipients of this Notice were employed as an hourly, non-exempt employee at Steele Solutions between May 27, 2019 and May 27, 2021. |
| | You are assumed to be a member of the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. If you are and wish to remain a member of the Rule 23 Class and do not additionally opt-into the FLSA Collective (described below), you will receive **[AMOUNT]**, less applicable tax withholdings, if any. |
| | Participation in the Rule 23 Class will release all WWPCL claims against Steele Solutions that arose between May 27, 2019 and May 27, 2021. |
| **EXCLUDE YOURSELF FROM THE RULE 23 CLASS** | As described below, if you exclude yourself, you are excluding yourself from the Rule 23 Class and will not receive any funds from and will be unable to participate in the Settlement if you choose this option. |
| **PARTICIPATE IN THE FLSA COLLECTIVE** | If you wish to participate in the FLSA Collective, you need to sign and date the "Consent to Join Form" and return it to Rust Consulting, Inc. (the "Settlement Administrator") by **[45 Days from Date of Notice]**. If you timely complete and return the "Consent to Join" Form and join the FLSA Collective, you will receive an additional amount of **[AMOUNT]**. |
| | Participation in the FLSA Collective will release all FLSA claims against Steele Solutions that arose between May 27, 2018 and May 27, 2021. |
| **DO NOTHING** | If you qualify as a member of the Rule 23 Class and take no further action, you will remain a member of the Class, will receive the Rule 23 Class amount noted above, and will be bound by the Settlement. |
| | If you qualify as a member of the FLSA Collective, but you take no further action, you will not be a member of the FLSA Collective, will not receive an FLSA settlement payment, and will not be bound by the Settlement. |
| **OBJECT** | Write the Court about why you do not like the Settlement. |

2

EXHIBIT A

**YOUR OPTIONS ARE EXPLAINED IN THIS NOTICE. PLEASE READ IT CAREFULLY.**

| **1.   What is this Lawsuit about?** |
|---|

On May 27, 2021, the Lawsuit was filed against Steele Solutions by the Class Representative, Calvin Thames, on behalf of himself and all other similarly situated individuals who worked as hourly-paid, non-exempt employees at Steele Solutions between May 27, 2018 and May 27, 2021 (the "potentially similarly situated group"), alleging that Steele Solutions failed to include all forms of non-discretionary compensation, such as monetary bonuses, incentives, awards, and/or other rewards and payments, in its hourly-paid, non-exempt employees' regular rates of pay for overtime calculation purposes, in violation of the FLSA and WWPCL.

Steele Solutions denies the allegations, and the Court has not considered or made any decisions as to the merits of the Class Representative's claims or Steele Solution's defenses.

The Class Representative and Steele Solutions have negotiated a Settlement on behalf of the Rule 23 Class and FLSA Collective as defined above. While the Court has not made a final determination on the outcome of the Lawsuit, it has preliminarily approved the proposed Settlement and authorized this Notice.

| **2.   Payments Under the Settlement** |
|---|

To settle this lawsuit, Steele Solutions created a Settlement Fund totaling $87,500.00 for payment: to individuals who participate in the Lawsuit (as explained above, as well as in Section 3); of a service award to the Class Representative; and of attorneys' fees and costs to Class Counsel.

**Payments to Participants**
Of the total Settlement Fund, $54,428.37 is allocated for payments to the Rule 23 Class and FLSA Collective. This amount was determined by calculating the alleged monetary payments owed to eligible participants, based upon documentation provided by Steele Solutions and an approved and agreed-upon methodology by the parties, and then reducing said amounts commensurate with the anticipated level of risk for continued litigation.

**Service Award**
Of the total Settlement Fund, a Service Award of $3,500.00 will be paid to the Class Representative in recognition of his efforts in bringing and pursuing the Lawsuit.

**Payment of Attorneys' Fees and Costs**
Of the total Settlement Fund, attorneys' fees and costs of $29,571.63 will be paid to Class Counsel.

| **3.   Your Right to Participate and the Effect On Your Legal Rights** |
|---|

The claims at issue in the Lawsuit are pursuant to both state (WWPCL) and federal (FLSA) laws. Depending on your level of participation in the Lawsuit, your legal rights under one or both laws will be impacted. Steele Solutions cannot terminate your employment, or treat you any differently because of your participation in, or exclusion from, the Settlement. If you are receiving this Notice, you have the following options:

**Participate in the Rule 23 Class**
For purposes of settlement, the Rule 23 Class is comprised of all hourly-paid, non-exempt employees who worked at Steele Solutions and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2019 and May 27, 2021. All recipients of this Notice who were employed at any time between these dates are assumed to be participants in the Rule 23 Class and no further action is necessary to participate in the Rule 23 Class. Should the Settlement be approved by the Court, participation in the Rule 23 Class will result in the release of all WWPCL

EXHIBIT A

claims that were or could have been asserted in the Lawsuit through the date of the Final Order Approving Settlement.

## Participate in the FLSA Collective

For settlement purposes, the FLSA Collective is comprised of all hourly-paid, non-exempt employees who worked at Steele Solutions and received a hiring, promotion, referral, or monthly shop bonus between May 27, 2018 and May 27, 2021. Individuals who wish to participate in the FLSA Collective (in addition to the Rule 23 Class) **must** return the "Consent to Join Form" to the Settlement Administrator.

## Request to be Excluded

If you qualify as a member of the Rule 23 Class and you do not want to participate in the Lawsuit, you must submit a request for exclusion. To be effective, the request for exclusion must: (i) include your full name, address, and telephone number; (ii) include your dates of employment at Steele Solutions and job title(s); and (iii) specifically state your desire to be excluded from the settlement in *Calvin Thames v. Steele Solutions, Inc.,* Case No. 21-cv-664. If you exclude yourself, you will **not** receive any monies from the Settlement Fund, you will not be bound by the terms of the Settlement, and you will not release any state or federal law claims against Steele Solutions. **You must submit your request for exclusion on or before <mark>DATE</mark> to the Settlement Administrator.** If you are a member of the Rule 23 Class, failure to include the required information or to timely submit your request will result in your remaining a member of the Rule 23 Class and being bound by any final judgment.

## Object

If you wish to participate in the Lawsuit and Settlement and you do not request to be excluded, you may object to the terms of the Settlement. If you object and the Settlement is approved, and you fail to submit a timely valid request to be excluded, you will be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment and release and all Orders entered by the Court. You may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees and costs.

You must file any objection to the Settlement with the Court on or before <mark>DATE</mark> and provide copies of the objection to the Settlement Administrator.

The objection must state: (i) your full name, address, and telephone number; (ii) your dates of employment at Steele Solutions and job title(s); (iii) a written statement of your factual and legal support for your objection; (iv) copies of any papers, briefs, or other documents upon which the objection is based; (v) a list of all persons who will be called to testify in support of the objection; and (vi) a statement whether you intend to appear at the Fairness Hearing. If you intend to appear at the Fairness Hearing through counsel, the objection must also state the identity of all attorneys representing you who will appear at the Fairness Hearing.

If you do not timely make your objections in this manner, you will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement.

## Settlement Administrator Address

Consent to Join Forms, Objections, and requests for exclusion should be delivered to the Settlement Administrator at the following address:

|          |                                       |
|----------|---------------------------------------|
| By Mail: | Rust Consulting, Inc.                 |
|          | 625 Marquette Avenue, Suite 900       |
|          | Minneapolis, MN 55402                 |
| By Fax:  | <mark>[Fax Number]</mark>             |
| By Email:| <mark>[Email Address]</mark>          |

4

EXHIBIT A

## 4. Class Counsel

The Court appointed the following lawyers as Class Counsel to represent the Rule 23 Class and FLSA Collective:

> Attorney Scott Luzi
> Walcheske & Luzi, LLC
> 235 N. Executive Drive, Suite 240
> Brookfield, Wisconsin 53005
> Telephone: (262) 780-1953
> Fax: (262) 565-6469
> Email: sluzi@walcheskeluzi.com

If you participate in the Lawsuit, your interests will be represented by Class Counsel.

Please direct any questions you have about the Lawsuit, the Settlement, and/or your rights and options under the Settlement to Class Counsel. **Do not contact the Court.**

## 5. The Fairness Hearing

A hearing will be held before the Honorable Stephen C. Dries, United States District Court for the Eastern District of Wisconsin, Milwaukee Division, 517 East Wisconsin Avenue, Courtroom 284, Milwaukee, Wisconsin 53202, on **MONTH & DATE**, 2022 at **TIME**. The purpose of the hearing is for the Court to decide whether the proposed Settlement is fair, reasonable, and adequate and should be approved and also to approve the service award and reimbursement of Class Counsel's attorneys' fees and costs. The location, time, and date of this hearing may be changed without further notice. If the Court approves the proposed Settlement, it will enter a judgment that will dismiss the Lawsuit with prejudice on the merits as to all Rule 23 Class members who do not exclude themselves and all FLSA Collective members who consent to join the Settlement. The payments to which you are entitled as result of your participation in the Lawsuit would follow.

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement or, indeed, anything.

## 6. Further Information

For additional information you may contact Class Counsel, whose contact information is provided in Section 4, above.

### NO INQUIRIES SHOULD BE DIRECTED TO THE COURT

EXHIBIT A

**CONSENT TO JOIN FORM**

Pursuant to 29 U.S.C. §216(b), I hereby consent to make a claim against Steele Solutions, Inc. for overtime wages owed for and/or for any other claim for wages brought in this action against Steele Solutions, Inc. I hereby authorize the filing and prosecution of this Fair Labor Standards Act action in my name and on my behalf and designate Calvin Thames as class representative to make decisions on my behalf concerning this litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorneys' fees and costs, and all other matters pertaining to this Lawsuit.

**NAME**:
*Nombre*
_____   _____
Print Name

**SIGNATURE**:
*Firma*
_____   _____
Sign Name

**DATE**:
*Fecha*
_____
Date

**PLEASE RETURN TO**:                    Rust Consulting, Inc.
*Favor de regresar esta forma a*:

**BY MAIL**                              Rust Consulting, Inc.
*Por correo*                             625 Marquette Avenue, Suite 900
                                         Minneapolis, MN 55402

or

**BY FAX**                               [FAX NUMBER]
*Por fax*

or

**BY E-MAIL**                            [E-MAIL]
*Por correo electronico*

26851460.1

6

EXHIBIT A

| NAME | WWPCL AMOUNT | FLSA AMOUNT | TOTAL AMOUNT |
|---|---|---|---|
| Aaron Arguedas | $ 11.85 | $ 11.85 | $ 23.70 |
| Aaron Duong | $ 76.66 | $ 76.66 | $ 153.32 |
| Abel Martinez | $ 153.64 | $ 153.64 | $ 307.28 |
| Abimael Feliciano | $ 80.24 | $ 80.24 | $ 160.48 |
| Adrian Roman-Beltran | $ 178.60 | $ 178.60 | $ 357.20 |
| Alberto Reyes | $ 153.05 | $ 153.05 | $ 306.09 |
| Alejandro Alvarez | $ 132.89 | $ 132.89 | $ 265.78 |
| Alejandro Morales | $ 58.93 | $ 58.93 | $ 117.86 |
| Alex Abrante | $ 86.59 | $ 86.59 | $ 173.17 |
| Alex Cerda | $ 117.33 | $ 117.33 | $ 234.66 |
| Alex Weiland | $ 83.42 | $ 83.42 | $ 166.83 |
| All B Henriquez | $ 121.23 | $ 121.23 | $ 242.46 |
| Amando Basilio | $ 171.02 | $ 171.02 | $ 342.05 |
| Amber Gallardo | $ 174.10 | $ 174.10 | $ 348.21 |
| Anael Gamboa | $ 112.04 | $ 112.04 | $ 224.08 |
| Angel Lopez | $ 97.96 | $ 97.96 | $ 195.91 |
| Angel Soto | $ 70.37 | $ 70.37 | $ 140.73 |
| Anthony Gorski | $ 182.91 | $ 182.91 | $ 365.82 |
| Anthony Van Vooren | $ 101.43 | $ 101.43 | $ 202.87 |
| Antonio Candelaria | $ 247.97 | $ 247.97 | $ 495.95 |
| Antonio Martinez | $ 64.94 | $ 64.94 | $ 129.87 |
| Antonio Reza | $ 180.99 | $ 180.99 | $ 361.99 |
| Armando Silva | $ 196.08 | $ 196.08 | $ 392.15 |
| Arnulfo Espino | $ 19.75 | $ 19.75 | $ 39.51 |
| Artemio Rosas | $ 229.70 | $ 229.70 | $ 459.41 |
| Arturo Almaraz | $ 181.61 | $ 181.61 | $ 363.23 |
| Austin Wood | $ 67.27 | $ 67.27 | $ 134.54 |
| Benjamin Contreras Sr. | $ 136.65 | $ 136.65 | $ 273.29 |
| Bernardo Sanchez | $ 66.68 | $ 66.68 | $ 133.36 |
| Bill Robertson | $ 31.30 | $ 31.30 | $ 62.61 |
| Bob Bulawa | $ 225.03 | $ 225.03 | $ 450.05 |
| Brandon Blomgren | $ 16.21 | $ 16.21 | $ 32.43 |
| Brian Lozano | $ 37.35 | $ 37.35 | $ 74.69 |
| Calvin Thames | $ 255.91 | $ 255.91 | $ 511.81 |
| Carlo Elia | $ 45.62 | $ 45.62 | $ 91.25 |
| Carlos Gonzalez | $ 209.69 | $ 209.69 | $ 419.39 |
| Carlos Vela | $ 148.56 | $ 148.56 | $ 297.12 |
| CarlosSaml Gonzalez Calderon | $ 78.54 | $ 78.54 | $ 157.07 |
| Carmenn J Cuevas | $ 122.47 | $ 122.47 | $ 244.94 |
| Cesar  Vazquez | $ 189.02 | $ 189.02 | $ 378.04 |
| Cesar Lopez Tayun | $ 250.34 | $ 250.34 | $ 500.68 |
| Chad Cibik | $ 84.39 | $ 84.39 | $ 168.78 |
| Chad Macek | $ 46.00 | $ 46.00 | $ 91.99 |
| Charles Thomas | $ 15.06 | $ 15.06 | $ 30.11 |

EXHIBIT B

| Name | | Amount 1 | | Amount 2 | | Total |
|---|---|---|---|---|---|---|
| Chris Parks | $ | 109.53 | $ | 109.53 | $ | 219.06 |
| Christophe Acosta | $ | 230.32 | $ | 230.32 | $ | 460.65 |
| Christophe Bellin | $ | 127.18 | $ | 127.18 | $ | 254.37 |
| Christophe Zulka | $ | 22.96 | $ | 22.96 | $ | 45.91 |
| Cody Franke | $ | 14.38 | $ | 14.38 | $ | 28.76 |
| Cristian Lugo | $ | 5.27 | $ | 5.27 | $ | 10.53 |
| Cristian Reza Feria | $ | 95.11 | $ | 95.11 | $ | 190.23 |
| Cristobal Hernandez | $ | 176.28 | $ | 176.28 | $ | 352.57 |
| Dan Smith | $ | 171.13 | $ | 171.13 | $ | 342.25 |
| Daniel DeWitt | $ | 20.82 | $ | 20.82 | $ | 41.65 |
| Daniel Morris | $ | 0.47 | $ | 0.47 | $ | 0.94 |
| Daryl Berendes | $ | 162.88 | $ | 162.88 | $ | 325.76 |
| David McDermaid | $ | 69.58 | $ | 69.58 | $ | 139.16 |
| Dean Robaczek | $ | 89.18 | $ | 89.18 | $ | 178.36 |
| Deon Neal | $ | 29.63 | $ | 29.63 | $ | 59.27 |
| Domingo Hernandez | $ | 220.67 | $ | 220.67 | $ | 441.34 |
| Domingo Montes | $ | 351.11 | $ | 351.11 | $ | 702.23 |
| Don Schroeder | $ | 148.66 | $ | 148.66 | $ | 297.32 |
| Donaldo Davila | $ | 209.18 | $ | 209.18 | $ | 418.36 |
| Doo Ray | $ | 123.70 | $ | 123.70 | $ | 247.41 |
| Duman Lopez Rodriguez | $ | 251.70 | $ | 251.70 | $ | 503.40 |
| Edder Medrano | $ | 161.40 | $ | 161.40 | $ | 322.80 |
| Edgar Ayala | $ | 112.50 | $ | 112.50 | $ | 224.99 |
| Eleazar  Santiago | $ | 153.02 | $ | 153.02 | $ | 306.04 |
| Eligio Lara | $ | 161.77 | $ | 161.77 | $ | 323.54 |
| Eliseo De La Riva | $ | 255.41 | $ | 255.41 | $ | 510.83 |
| Eliseo Martinez | $ | 222.68 | $ | 222.68 | $ | 445.36 |
| Emmanuelle Arenas | $ | 4.66 | $ | 4.66 | $ | 9.32 |
| Erick Lozano | $ | 210.56 | $ | 210.56 | $ | 421.13 |
| Erman Almarz | $ | 289.87 | $ | 289.87 | $ | 579.73 |
| Euris Agramonte | $ | 3.05 | $ | 3.05 | $ | 6.10 |
| Eva Lozano | $ | 43.88 | $ | 43.88 | $ | 87.76 |
| Fernando Sandoval | $ | 267.44 | $ | 267.44 | $ | 534.87 |
| Francisco Fajardo | $ | 246.26 | $ | 246.26 | $ | 492.51 |
| Francisco Garcia | $ | 279.59 | $ | 279.59 | $ | 559.18 |
| Francisco Sandoval | $ | 261.57 | $ | 261.57 | $ | 523.14 |
| Gabino Padilla Sr | $ | 38.50 | $ | 38.50 | $ | 77.00 |
| Gabriel Espinoza | $ | 70.15 | $ | 70.15 | $ | 140.30 |
| Genaro Nicolas | $ | 236.68 | $ | 236.68 | $ | 473.36 |
| Glen Hines | $ | 36.43 | $ | 36.43 | $ | 72.87 |
| Gonzalo Martinez | $ | 70.99 | $ | 70.99 | $ | 141.97 |
| Hayley Stefanski | $ | 46.81 | $ | 46.81 | $ | 93.62 |
| Hector Rodriguez | $ | 99.18 | $ | 99.18 | $ | 198.36 |
| Heladio Perez | $ | 1.04 | $ | 1.04 | $ | 2.07 |
| Herminio Juarez Perez | $ | 211.43 | $ | 211.43 | $ | 422.86 |
| Isaac Rivera | $ | 181.68 | $ | 181.68 | $ | 363.37 |
| Isidro  Avila | $ | 271.26 | $ | 271.26 | $ | 542.53 |

EXHIBIT B

| | | | | | |
|---|---|---|---|---|---|
| Israel Canche | $ | 99.44 | $ | 99.44 | $ | 198.88 |
| James Peter | $ | 37.51 | $ | 37.51 | $ | 75.02 |
| James Schnaebele | $ | 75.17 | $ | 75.17 | $ | 150.34 |
| James Wenzel | $ | 77.11 | $ | 77.11 | $ | 154.22 |
| Jameson Dorn | $ | 137.84 | $ | 137.84 | $ | 275.69 |
| Jamie Martinez | $ | 233.12 | $ | 233.12 | $ | 466.25 |
| Jason Haas | $ | 130.15 | $ | 130.15 | $ | 260.29 |
| Javier Jimenez | $ | 343.64 | $ | 343.64 | $ | 687.29 |
| Javier Morales | $ | 284.45 | $ | 284.45 | $ | 568.89 |
| Jay Moo | $ | 113.55 | $ | 113.55 | $ | 227.10 |
| Jeremy Crawford | $ | 202.87 | $ | 202.87 | $ | 405.74 |
| Jesus Flores | $ | 178.92 | $ | 178.92 | $ | 357.84 |
| Jesus Garcia | $ | 127.53 | $ | 127.53 | $ | 255.06 |
| Jesus Sanchez | $ | 238.33 | $ | 238.33 | $ | 476.66 |
| Joe Ramlow | $ | 74.64 | $ | 74.64 | $ | 149.29 |
| Joel Garcia | $ | 198.39 | $ | 198.39 | $ | 396.79 |
| Joel Schneck | $ | 3.91 | $ | 3.91 | $ | 7.82 |
| John Mazurkiewicz | $ | 33.42 | $ | 33.42 | $ | 66.83 |
| Jordan Musbach | $ | 67.04 | $ | 67.04 | $ | 134.08 |
| Jorge G De Jesus | $ | 76.15 | $ | 76.15 | $ | 152.30 |
| Jose Abel  Martin | $ | 100.22 | $ | 100.22 | $ | 200.45 |
| Jose Carattini | $ | 3.23 | $ | 3.23 | $ | 6.46 |
| Jose Espinoza | $ | 98.77 | $ | 98.77 | $ | 197.53 |
| Jose Fortis | $ | 123.81 | $ | 123.81 | $ | 247.63 |
| Jose Fregoso | $ | 124.38 | $ | 124.38 | $ | 248.77 |
| Jose Gaytan | $ | 218.01 | $ | 218.01 | $ | 436.01 |
| Jose Mata | $ | 14.23 | $ | 14.23 | $ | 28.46 |
| Jose Z Lozano-Zuniga | $ | 261.38 | $ | 261.38 | $ | 522.77 |
| Joshua Bantz | $ | 118.15 | $ | 118.15 | $ | 236.30 |
| Joshua Haas | $ | 254.53 | $ | 254.53 | $ | 509.05 |
| Jossie Delgado | $ | 51.64 | $ | 51.64 | $ | 103.29 |
| Josue Interiano | $ | 9.19 | $ | 9.19 | $ | 18.37 |
| Juan  C Ramirez | $ | 268.55 | $ | 268.55 | $ | 537.10 |
| Juan  Gonzalez | $ | 88.73 | $ | 88.73 | $ | 177.46 |
| Juan Casiano | $ | 249.82 | $ | 249.82 | $ | 499.64 |
| Juan Espino | $ | 275.08 | $ | 275.08 | $ | 550.17 |
| Juan Jose Del Toro Flores | $ | 201.39 | $ | 201.39 | $ | 402.78 |
| Juan Merlo Gonzalez | $ | 119.72 | $ | 119.72 | $ | 239.44 |
| Juan Rangel | $ | 173.71 | $ | 173.71 | $ | 347.42 |
| Juan Salas | $ | 137.14 | $ | 137.14 | $ | 274.28 |
| Julio Soto | $ | 18.32 | $ | 18.32 | $ | 36.64 |
| Justin Paul | $ | 235.25 | $ | 235.25 | $ | 470.51 |
| Justin Stroming | $ | 42.84 | $ | 42.84 | $ | 85.68 |
| Justin Tholl | $ | 180.94 | $ | 180.94 | $ | 361.88 |
| Kae Blu Htoo | $ | 219.05 | $ | 219.05 | $ | 438.10 |
| Kevin Lopez | $ | 64.48 | $ | 64.48 | $ | 128.96 |
| Kevin Moulder | $ | 14.23 | $ | 14.23 | $ | 28.46 |

EXHIBIT B

| | | | | | |
|---|---|---|---|---|---|
| Kevin Phillips | $ | 137.70 | $ | 137.70 | $ | 275.41 |
| Kwa Po | $ | 31.48 | $ | 31.48 | $ | 62.96 |
| Kyaw S Hla | $ | 78.24 | $ | 78.24 | $ | 156.48 |
| Lizandro Gamino | $ | 165.84 | $ | 165.84 | $ | 331.68 |
| Lorenzo Nicolas | $ | 146.66 | $ | 146.66 | $ | 293.32 |
| Lorenzo Ramirez | $ | 127.97 | $ | 127.97 | $ | 255.94 |
| Lucas Dalton | $ | 170.69 | $ | 170.69 | $ | 341.37 |
| Luciano Alfaro | $ | 116.93 | $ | 116.93 | $ | 233.85 |
| Luis Albrt Lozano | $ | 163.94 | $ | 163.94 | $ | 327.87 |
| Luis Interiano | $ | 180.82 | $ | 180.82 | $ | 361.63 |
| Luis Lopez | $ | 70.89 | $ | 70.89 | $ | 141.79 |
| Luis Martinez | $ | 107.83 | $ | 107.83 | $ | 215.66 |
| Magdiel Santiago | $ | 278.01 | $ | 278.01 | $ | 556.02 |
| Manuel Martinez | $ | 94.77 | $ | 94.77 | $ | 189.53 |
| Manuel Zarate | $ | 142.75 | $ | 142.75 | $ | 285.50 |
| Marcelo Camacho | $ | 219.42 | $ | 219.42 | $ | 438.83 |
| Mario Morales | $ | 317.53 | $ | 317.53 | $ | 635.06 |
| Mark Morris | $ | 170.86 | $ | 170.86 | $ | 341.73 |
| Mark Olson | $ | 100.38 | $ | 100.38 | $ | 200.76 |
| Mark Riel | $ | 68.69 | $ | 68.69 | $ | 137.38 |
| Mark Stelzer | $ | 9.69 | $ | 9.69 | $ | 19.39 |
| Martin Diaz | $ | 0.93 | $ | 0.93 | $ | 1.86 |
| Mason Grosz | $ | 94.12 | $ | 94.12 | $ | 188.24 |
| Mathew Waters | $ | 83.80 | $ | 83.80 | $ | 167.61 |
| Matt McCoy | $ | 212.22 | $ | 212.22 | $ | 424.44 |
| Maurilio Justo Marin | $ | 97.70 | $ | 97.70 | $ | 195.40 |
| Michael Handy | $ | 24.46 | $ | 24.46 | $ | 48.91 |
| Michael Hauber | $ | 34.00 | $ | 34.00 | $ | 67.99 |
| Michael Waltz | $ | 147.06 | $ | 147.06 | $ | 294.12 |
| Miguel Lopez | $ | 114.21 | $ | 114.21 | $ | 228.41 |
| Miguel Morales | $ | 117.34 | $ | 117.34 | $ | 234.69 |
| Mohammed Amin | $ | 248.50 | $ | 248.50 | $ | 497.01 |
| Moses Brown | $ | 13.86 | $ | 13.86 | $ | 27.73 |
| Nelson Rosado | $ | 52.22 | $ | 52.22 | $ | 104.45 |
| Nicholas Figueroa | $ | 152.13 | $ | 152.13 | $ | 304.27 |
| Nick Buchmann | $ | 22.45 | $ | 22.45 | $ | 44.89 |
| Omar Collazo | $ | 9.13 | $ | 9.13 | $ | 18.26 |
| Onofre Ramirez | $ | 283.04 | $ | 283.04 | $ | 566.08 |
| Pah T Klo | $ | 73.00 | $ | 73.00 | $ | 145.99 |
| Pedro Mejia Jimenez | $ | 149.71 | $ | 149.71 | $ | 299.43 |
| Pedro Segura | $ | 150.59 | $ | 150.59 | $ | 301.18 |
| Rafael Ferrer | $ | 102.16 | $ | 102.16 | $ | 204.32 |
| Ramiro Hernandez | $ | 38.32 | $ | 38.32 | $ | 76.64 |
| Reynaldo Davila | $ | 8.87 | $ | 8.87 | $ | 17.75 |
| Ricardo Nicolas | $ | 241.89 | $ | 241.89 | $ | 483.78 |
| Richard Price | $ | 38.72 | $ | 38.72 | $ | 77.45 |
| Richard Roidt | $ | 95.14 | $ | 95.14 | $ | 190.29 |

EXHIBIT B

| | | | | |
|---|---|---|---|---|
| Rick Ditsworth | $ | 26.40 | $ 26.40 | $ 52.80 |
| Ricky Vazquez | $ | 282.83 | $ 282.83 | $ 565.66 |
| Robert Maxim | $ | 48.54 | $ 48.54 | $ 97.07 |
| Roberto Guerrero | $ | 91.81 | $ 91.81 | $ 183.62 |
| Rodrigo Diaz | $ | 201.24 | $ 201.24 | $ 402.48 |
| Roger Miller | $ | 13.35 | $ 13.35 | $ 26.69 |
| Saenphanh Luangrath | $ | 255.73 | $ 255.73 | $ 511.47 |
| Samuel Ramirez | $ | 226.37 | $ 226.37 | $ 452.75 |
| Saw Ba Day | $ | 221.41 | $ 221.41 | $ 442.82 |
| Scott Johnson | $ | 51.22 | $ 51.22 | $ 102.44 |
| Scott Stluka | $ | 22.89 | $ 22.89 | $ 45.79 |
| Sergio Cerda | $ | 34.91 | $ 34.91 | $ 69.83 |
| Simon Arenal | $ | 202.07 | $ 202.07 | $ 404.14 |
| Tim Petri | $ | 114.34 | $ 114.34 | $ 228.69 |
| Timothy Fuller | $ | 8.27 | $ 8.27 | $ 16.55 |
| Timothy Moreno | $ | 123.10 | $ 123.10 | $ 246.20 |
| Tito Reyes | $ | 251.63 | $ 251.63 | $ 503.25 |
| Todd Borowski | $ | 19.37 | $ 19.37 | $ 38.75 |
| Towanka King | $ | 32.29 | $ 32.29 | $ 64.59 |
| Ubaldo Lozano | $ | 150.13 | $ 150.13 | $ 300.25 |
| Victor Nunez | $ | 67.35 | $ 67.35 | $ 134.70 |
| Victor Pazos | $ | 254.31 | $ 254.31 | $ 508.63 |
| WaiYan Oo | $ | 105.64 | $ 105.64 | $ 211.29 |
| Wenscelao  Velasco | $ | 260.12 | $ 260.12 | $ 520.25 |
| William Kluck | $ | 46.91 | $ 46.91 | $ 93.83 |
| William MacDonald | $ | 83.09 | $ 83.09 | $ 166.17 |
| Wilmer J Quiles | $ | 2.44 | $ 2.44 | $ 4.87 |
| Wyatt Mevis | $ | 148.20 | $ 148.20 | $ 296.40 |
| Yonathan Lozano | $ | 82.59 | $ 82.59 | $ 165.17 |
| **214** | **$** | **27,214.19** | **$ 27,214.19** | **$ 54,428.37** |

EXHIBIT B