UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

CALVIN THAMES,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

STEELE SOLUTIONS, INC.

    Defendant

Case No. 21-cv-664

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Calvin Thames, on behalf of himself and all others similarly situated, and Defendant, Steele Solutions, Inc., jointly move this Court for final settlement approval in this matter in accordance with the parties' executed settlement agreement, titled "Settlement Agreement & Release," (hereinafter simply, the "Settlement Agreement"), (ECF No. 20-1), which was preliminarily approved by this Court on March 14, 2022. (ECF No. 23.)

### SETTLEMENT BACKGROUND

This is a collective and class action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), 29 U.S.C. § 216(b), and Wisconsin's Wage Payment and Collection Laws, as amended, ("WWPCL"), Wis. Stat. § 109.01 et seq., Wis. Stat. § 104.01 et seq., Wis. Stat. § 103.001 et seq., Wis. Admin. Code § DWD 274.01 et seq., and Wis. Admin. Code § DWD 272.001 et seq. (*See, generally,* ECF No. 1.)

Between approximately September 2021 and February 2022, counsel for the parties communicated directly and engaged in substantive arms-length settlement negotiations. Among

other things, counsel debated and analyzed the parties' respective legal arguments and factual positions. (Declaration of Scott S. Luzi ("Luzi Decl."), ¶ 7.) Counsels' analysis and debate was directly informed by Defendant's production of documentation relevant to the claims and defenses in this case, including, without limitation, Defendant's corporate policies, bonus data, Plaintiff's payroll records, Plaintiff's time records, and payroll and timekeeping data for hourly-paid, non-exempt employees employed at Defendant between May 27, 2018 and May 27, 2021. (*Id.*) Counsel also created and exchanged damages models and monetary settlement calculations, and they discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id.*) After preliminarily agreeing on settlement terms and conditions, counsel drafted and finalized the settlement agreement. Ultimately, counsel believes the terms and conditions embodied in the Settlement Agreement are fair, reasonable, and adequate given all the considerations above. (*Id.*)

On March 10, 2022, the parties filed their Joint Motion for Preliminary Settlement Approval, (ECF No. 20), and their fully executed Settlement Agreement with the Court. (ECF No. 20-1.) On March 14, 2022, the Court preliminarily approved the parties' Settlement Agreement and Ordered, among other things, that the parties' Notice Packet be sent to all Putative Collective and Class Members. (ECF No. 23.)

## **THE NOTICE PROCESS**

On March 29, 2022, the parties' Settlement Administrator, Rust Consulting, Inc., distributed the parties' Notice Packet to two hundred and fourteen (214) putative Collective and Class Members via U.S. first-class mail. (Declaration of Abigail Schwartz ("Schwartz Decl."), ¶ 9; Luzi Decl., ¶ 8.) The Notice Packet advised individuals that they could submit a Consent to Join Form, exclusion, and/or objection postmarked by May 13, 2022. (*Id.*) The parties received thirteen

(13) timely Consent to Join Forms, (ECF Nos. 24-1, 26-1, & 27-1), and one (1) timely request for exclusion, or "opt out." (ECF No. 26-1.) The parties also received three (3) late Consent to Join Forms, (ECF Nos. 28-1 & 30-1), and one (1) late request for exclusion, or "opt out," (ECF No. 29-1), which they mutually agreed to accept as timely. (Schwartz Decl., ¶¶ 12-13; Luzi Decl., ¶ 8.) The sixteen (16) Collective Members will receive their individual settlement amounts as noted in ECF No. 16-1, Exhibit B, and the two hundred and twelve (212) Class Members will receive their individual settlement amounts as noted in ECF No. 16-1, Exhibit B. (Luzi Decl., ¶ 8.) To date, the parties have not received any objections to the Settlement Agreement. (*Id*.; Schwartz Decl., ¶ 14.)

Given the considerations above, counsel for the parties believe the terms and conditions embodied in the parties' Settlement Agreement, (ECF No. 20-1), to be fair, reasonable, and adequate.

### REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

According to the terms of the Settlement Agreement, within five (5) days of the Settlement Effective Date, Defendant shall make a payment to the Settlement Administrator, which shall be equal to the amount necessary to pay all Settlement Payments due to the Settlement Class, Court-approved attorneys' fees and costs to Plaintiff's Counsel, and the Court-approved Service Award to Named Plaintiff. Within twenty-one (21) days of the Settlement Effective Date, the Settlement Administrator shall issue and distribute individual Settlement Checks for each and every Settlement Class member. Settlement Checks shall expire upon the Settlement Check Void Date, which is one hundred twenty (120) days after issuance. After the Settlement Check Void Date, Defendant will issue a stop payment order on all uncashed or returned checks. In the event that, before the close of the Settlement Check Void Date, the Settlement Administrator becomes aware that a Settlement Class member did not receive the Settlement Check, or if a Settlement Class

member reports a lost or destroyed Settlement Check, or otherwise requests reissuance of his or her Settlement Check prior to the Settlement Check Void Date, the Settlement Administrator shall so advise Plaintiff's Counsel and Defendant's Counsel and Defendant shall issue a stop payment order on the original check and issue a new check. In no event shall a Settlement Class member be issued a replacement check until any prior check sent to them has been cancelled. Any unclaimed monies or Settlement Checks that expire upon the Settlement Check Void Date shall remain and/or revert back to Defendant. (ECF No. 20-1, ¶ 2.3)

## ARGUMENT

### I. FINAL SETTLEMENT APPROVAL STANDARD

A court may approve of the settlement of a Fed. R. Civ. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir.

1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves bona fide disputes regarding whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification, and damages.

Between approximately September 2021 and February 2022, counsel for the parties communicated directly and engaged in substantive arms-length settlement negotiations. Among other things, counsel debated and analyzed the parties' respective legal arguments and factual positions, and they produced and reviewed documentation relevant to the claims and defenses in this case, including Defendant's corporate policies, bonus data, and other information relating to Plaintiff and putative collective and class members, Plaintiff's payroll records, Plaintiff's time records, and other class-related information, such as payroll and timekeeping data for hourly-paid, non-exempt employees employed at Defendant between May 27, 2018 and May 27, 2021. Counsel also created and exchanged damages models and monetary settlement calculations, and they discussed other monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. After preliminarily agreeing on settlement terms and conditions, counsel drafted and finalized the settlement agreement. (Luzi Decl., ¶ 7.)

For these reasons, the parties believe that the Settlement Agreement is a fair, reasonable, and adequate resolution of the bona-fide FLSA and WWPCL claims and causes of action in this matter. (*Id.*)

# **CONCLUSION**

For all of the reasons herein, the parties respectfully request that this Court enter a Final Order:

1. Certifying the WWPCL Class pursuant to FED.R.CIV.P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approving the Settlement Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appointing Calvin Thames as Class Representative for the WWPCL Class and FLSA Collective;

4. Appointing Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declaring the Settlement Agreement to be binding on the Parties;

6. Dismissing with prejudice the Settlement Class Members' released claims;

7. Dismissing without prejudice the FLSA Claims of the Putative Collective Members who did not timely and properly file a Consent to Join Form with this Court in full accordance with the procedures set forth in the parties' Settlement Agreement;

8. Dismissing without prejudice the WWPCL Claims of the Putative Class Members who properly and timely excluded themselves in full accordance with the procedures set forth in the parties' Settlement Agreement, if any;

9. Granting Plaintiff's unopposed Motion for Approval of Attorneys' Fees and Costs, (ECF No. 31), in the amount of $29,571.63;

10. Granting Plaintiff's unopposed Motion for Approval of Service Award, (ECF No. 36), in the amount of $3,500.00; and

11. Dismissing the Complaint on the merits and with prejudice.

Dated this 29th day of June, 2022

| | |
|---|---|
| *s/ Scott S. Luzi* | *s/ Erin M. Cook* |
| Scott S. Luzi, SBN 1067405 | Erin (Maggie) M. Cook, SBN 1074294 |
| Walcheske & Luzi, LLC | Godfrey & Kahn, S.C. |
| 235 N. Executive Drive, Suite 240 | 833 East Michigan Street, Suite 1800 |
| Brookfield, Wisconsin 53005 | Milwaukee, Wisconsin 53202 |
| Telephone: (262) 780-1953 | Telephone: (414) 287-9569 |
| Email: sluzi@walcheskeluzi.com | Email: MCook@gklaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

27434046.2